﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200310-69077
DATE: April 30, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

FINDING OF FACT

The Veteran’s bilateral hearing loss was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise shown to be etiologically related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1961 to October 1963.

The Board of Veterans’ Appeals (Board) notes that the rating decision on appeal was issued in January 2020 by a Department of Veterans Affairs (VA) Regional Office (RO). The January 2020 rating decision, which is subject to the Appeals Modernization Act (AMA), in pertinent part, denied entitlement to service connection for bilateral hearing loss. 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2. In March 2020, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), wherein he timely appealed the denial of the claim to the Board and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202. The Board cannot hold a hearing or accept into the record additional evidence in its direct review. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300).

1. Entitlement to service connection for bilateral hearing loss

The Veteran believes his bilateral hearing loss is related to his active service. In this regard, in a March 2020 statement, submitted in conjunction with his March 2020, VA Form 10182, the Veteran reported he had perfect hearing when he entered the military and explained he had constant in-service noise exposure due to training on a rifle range, artillery training, noise from protesters, and noise from C-130s and helicopters. In his March 2020 statement, the Veteran compared the denial of his claim for hearing loss due to in-service noise exposure to what he believed were previous erroneous denials of Agent Orange claims by VA for other veterans; however, he also explicitly stated he was not attributing his hearing loss to Agent Orange. He explained he was using Agent Orange as an example to illustrate what he believed was an erroneous denial of his hearing loss claim based on in-service noise exposure and he also reported that a friend of his, who served in the Army for two years as an instructor teaching marksmanship, was approved for hearing aids because of the noise he suffered every day.

For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The question for the Board is whether the Veteran has bilateral hearing loss disability that manifested to a compensable degree in service, or within the applicable presumptive period, whether continuity of symptomatology has existed since service, or whether it is otherwise shown to be etiologically related to an in-service injury, event, or disease, to include in-service noise exposure. The January 2020 rating decision provided a favorable finding that the evidence showed that a qualifying event, injury, or disease had its onset during the Veteran’s service, specifically that military noise exposure had been conceded based on the Veteran’s military occupational specialty of infantry. The January 2020 rating decision also provided a favorable finding that bilateral hearing loss disability had been demonstrated, specifically that such was demonstrated on a January 2020 VA examination. These findings are consistent with the evidence of record, specifically the January 2020 VA audiometric testing demonstrated the Veteran has bilateral hearing loss “disability” for VA purposes under the provisions of 38 C.F.R. § 3.385. The Board is bound by these favorable findings. 

The Board concludes that, while the Veteran has bilateral hearing loss disability for VA purposes, which is a chronic disease under 38 U.S.C. § 1101(3) and 38 C.F.R. § 3.309(a) as an organic disease of the nervous system, it is not shown by the evidence of record to have manifest in service, nor to a compensable degree within a presumptive period, and continuity of symptomatology is not established. 38 U.S.C. §§ 1101(3), 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a). Specifically, the Veteran has not reported his hearing difficulty onset during service and continued after service, or that it onset within one year after separation from service. In fact, conversely, during the January 2020 VA examination, the Veteran reported onset of hearing loss was about 10 years ago. 

Review of the Veteran’s service treatment record does not reflect any documentation of hearing loss, or complaints thereof. In this regard, the Board recognizes the Veteran’s in-service audiometric testing must be converted from American Standards Association (ASA) units to International Standards Organization-American National Standards Institute (ISO-ANSI) units. As it relates to VA examinations and VA records audiological reports dated prior to January 1, 1967, the Board will assume the ASA standard was used and will convert the recorded metrics to the ISO-ANSI standards. 

However, review of the Veteran’s June 1961 examination, conducted in conjunction with his enlistment into service, documented a normal whisper test and bilateral hearing loss was not otherwise identified as a defect and/or diagnosis. McKinney v. McDonald, 28 Vet. App. 15 (2016). Further, a February 1962 in-service examination, and a July 1963 examination, which was conducted in conjunction with the Veteran’s separation from service, do not demonstrate hearing loss for VA purposes, or otherwise, when converted to the ISO-ANSI units. Hensley v. Brown, 5 Vet. App. 155, 159 (1993) (the threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss). Also, in a July 1963 report of medical history, provided in conjunction with the Veteran’s separation from service, the Veteran checked no to a question regarding the existence of any ear, nose, or throat trouble. 

Moreover, the Board reiterates the January 2020 examiner documented that the Veteran reported the onset of hearing loss to be about 10 years ago. Additionally, there is evidence of intercurrent causation as the January 2020 examiner also noted the Veteran had post service occupational noise exposure as he worked in law enforcement and had firearm use.

Further, there are no post service clinical records which documented bilateral hearing loss, or complaints thereof, prior to the January 2020 VA examination. Thus, the evidence of record does not demonstrate chronic complaints of diminished hearing since separation from service, and also reflects that the Veteran was first diagnosed with bilateral hearing loss disability for VA purposes more than 56 years after separation from service, and that he reported his hearing loss onset approximately 46 years after separation from service. While not dispositive, the passage of so many years between discharge from active service and objective documentation of a disability is a factor that weighs against a finding of service incurrence and continuity. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). The Board’s reliance on multiple factors, only one of which is an absence of complaints or treatment during the years after service, is consistent with the statutory and regulatory requirements to consider all evidence of record, as well as applicable precedential decisions. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one factor the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible). 

For these reasons, the criteria for presumptive service connection based on chronic symptoms in service, continuous symptoms since service, or that bilateral hearing loss disability for VA purposes manifested to a compensable degree within one year of service separation, have not been met.

Service connection for bilateral hearing loss may still be granted on a nonpresumptive direct-incurrence basis; however, the preponderance of the evidence is against finding that a medical nexus exists between the Veteran’s bilateral hearing loss and an in-service injury, event or disease. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d). 

In this regard, the January 2020 examiner opined that the Veteran’s right ear hearing loss and left ear hearing loss were not at least as likely as not caused by or a result of an event in military service. As a rationale, the January 2020 examiner explained the Veteran’s June 1961 entrance examination was a whisper test and that his July 1963 separation examination showed hearing with normal limits when converted to ISO-ANSI standards, which was objective evidence of no permanent auditory damage on active duty from conceded noise. The January 2020 examiner further explained there was no report of complaint and/or treatment for hearing decrease in the service treatment records or at separation. The January 2020 examiner also explained, that although noise exposure was conceded and the relationship of noise, auditory damage and hearing loss was well-established, auditory damage and hearing loss were not conceded based on noise alone and that there must be a nexus of auditory damage to relate current hearing loss to military noise and not another etiology. However, the January 2020 examiner found the evidence was against a nexus in this case, and therefore, it was less likely than not that the Veteran’s hearing loss was related to military noise exposure. Notably, the January 2020 examiner also documented the Veteran had post service occupational noise exposure as he worked in law enforcement and had firearm use.

Although the January 2020 examiner examiner’s opinion was based, in part, on hearing acuity being clinically normal when the Veteran separated from service, such does not render the opinion inadequate because the examiner took into account the Veteran’s lay statements and reviewed other evidence of record. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). Thus, the January 2020 examiner’s opinion is entitled to substantial probative weight. See Nieves-Rodriquez v. Peake, 22 Vet. App. 295 (2008).

As noted above, in a March 2020 statement, the Veteran compared the denial of his claim for hearing loss due to in-service noise exposure to what he believed was previous erroneous denials of Agent Orange claims by VA for other veterans as an example to illustrate what he believed was an erroneous denial of his hearing loss claim based on in-service noise exposure. However, the Board does not find this argument persuasive as the January 2020 examiner addressed the specifics of the Veteran case, and in particular, noted in-service noise exposure had been conceded but explained that there must be a nexus of auditory damage to relate current hearing loss to military noise and not another etiology, but found the evidence was against a nexus in this case. In the March 2020 statement, the Veteran also reported a friend of his, who served in the Army for two years as an instructor teaching marksmanship, was approved for hearing aids because of the noise he suffered every day. However, the Board does not find this argument persuasive, as each veteran’s claims are based on review of the evidence of record in a particular claims file and, accordingly, has no precedential value toward adjudication of appeals by other claimants, such as this Veteran, who may appear to be similarly placed.

While the Veteran believes his bilateral hearing loss is related to in-service noise exposure, he has not been shown to have the requisite medical knowledge to be deemed competent to provide a nexus opinion in this case. This issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence, specifically the January 2020 examiner’s findings and opinion.

Thus, based on the reasons and bases discussed, the preponderance of the evidence is against the claim, and the benefit of the doubt rule is inapplicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, service connection is not warranted for bilateral hearing loss.

 

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Espinoza, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.